McFadden v. Blair.

No. 6686.

## McFadden v. Blair.

FAILURE OF CONSIDERATION.—*Contract.—Guaranty.—Attorney.—Notice.—Judgment.*—A. and another sold and assigned to B. a judgment which they had commenced a suit to revive. A. guaranteed to B. that the judgment was wholly unpaid. Part of the consideration of the sale was the agreement of B. to pay C., the attorney of the assignors, his fee in the pending suit to revive the judgment. In such suit payments, were proved and allowed, reducing the amount due on the judgment to a greater extent than was claimed by C. as a fee therein. Suit by C. against B. to recover for his services under such agreement.

*Held*, that the consideration for the agreement of B. to pay C.'s fee had failed.

*Held*, also, that A. and his co-assignor, having commenced the suit to revive such judgment, had notice thereof and were bound thereby.

From the Shelby Circuit Court.

*J. B. McFadden*, for appellant.

*E. P. Ferris* and *W. W. Spencer*, for appellee.

BIDDLE, J.—Suit by the appellant against the appellee, to recover for professional services rendered, as attorney and counsellor at law, by the appellant, to John F. Baldwin and William H. Baldwin, upon the promise, alleged to be founded

on a valuable consideration, of the appellee, made to the Baldwins, to pay the appellant for said services. No question is made upon the pleading. Trial by the court; special finding for the defendant; motion for a new trial overruled; judgment for defendant, and appeal by plaintiff.

A bill of exceptions brings the evidence before us. The only question made and discussed in this court is upon the sufficiency of the evidence to support the finding. The controlling facts of the case arise upon the written evidence, and may be stated as follows:

On the 22d day of June, 1859, Smith and Williamson recovered judgment in the Court of Common Pleas of Shelby county, against Martin M. Ray, for the sum of $764.70. This judgment was assigned to John F. Baldwin, also for the equal benefit of William H. Baldwin, by Smith and Williamson. After the assignment, John F. Baldwin sold and assigned the judgment to Blair, the appellee, for the consideration of $950. Upon the consideration of the sale of the judgment to Blair, he agreed with the Baldwins, to pay McFadden, the appellant, a reasonable or "liberal" fee, as attorney, for services rendered to the Baldwins in bringing suit to revive the judgment. In the sale and assignment of the judgment to Blair, John F. Baldwin guaranteed the judgment of $764.70 to be wholly unpaid. In the proceedings to revive the judgment, Ray, the judgment defendant, proved payments which reduced the amount remaining due to $791.07, for which amount Blair obtained an order for execution. The amount of the judgment, if "wholly unpaid," with interest, would have been over $1,250. It may be also held as proved, that Blair, upon the consideration of the promise he had made to the Baldwins to pay McFadden, also promised McFadden to pay him the fee which the Baldwins owed him, but they did not agree upon the amount; the evidence shows, however, that the value of McFadden's services to the Baldwins was from $25.00 to $100.00.

McFadden *v*. Blair.

Upon these facts the court held, as Blair had bought a judgment of the Baldwins for $950, guaranteed to be wholly unpaid, the amount of which, with interest, should have been over $1,250, when, in fact, it was reduced by payments to $791.07, that the consideration of the promise of Blair, made to the Baldwins, to pay McFadden the fee due him from the Baldwins, had failed, and, therefore, found in favor of Blair, the defendant.

We think the finding is right. The facts show that the consideration to Blair for the purchase of the judgment from the Baldwins had failed to a greater extent than the amount due from the Baldwins to McFadden. This could have been successfully pleaded against the Baldwins, and we think it follows that it was well pleaded against McFadden; for the same consideration which supported Blair's promise to the Baldwins, to pay for the judgment, also supported Blair's promise to pay McFadden the fee which the Baldwins owed him.

The appellant insists that the Baldwins are not bound by the proceeding reviving the original judgment, and ordering execution thereon in favor of Blair. We think they were. They commenced the proceedings to revive, which were pending when Blair bought the judgment. After the assignment to Blair, his name was substituted in the place of the Baldwins as plaintiff in the proceedings. This showed that the Baldwins had notice of the proceedings to revive, and ought to have seen that they were prosecuted, if there was any defence against them. But, suppose the Baldwins were not bound by the judgment of the revivor. There was no offer or attempt to show that it is wrong in any particular. It must, therefore, be held as being, at least, *prima facie* evidence.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at November term, 1880.